IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD HICKEY | : | |
| | : | CIVIL NO. 4:CV-02cv1905 |
| Plaintiff, | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | |
| CITY OF SCRANTON, and | : | |
| JAMES P. CONNORS, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**July 15, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendants City of Scranton and James P. Connors' ("Scranton" or "Defendants") Motion to Dismiss Complaint filed February 5, 2003. (Rec. Doc. 12). Our ruling on this Motion was stayed pursuant to a stipulation between the parties memorialized in our Order dated March 12, 2003. (Rec. Doc. 18). The parties stipulated that when Plaintiff Donald Hickey's ("Plaintiff" or "Hickey") appeal in a separate civil action that he had brought and which was also before us was resolved by the United States Court of Appeals for the Third Circuit, the stay would then be lifted on the instant action and the

pending Motion resolved.[1]

As the Third Circuit has issued its ruling in Hickey's separate action, we now will lift the stay on this case and, for the reasons stated herein, grant Defendants' Motion to Dismiss. See Hill v. City of Scranton, – F.3d –, 2005 WL 1355115 (3d Cir. June 9, 2005).

**STANDARD OF REVIEW:**

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).

---

[1] This separate civil action is docketed at Phyllis Hill, Robert K. Murray, Donald Hickey, Paul W. Graham, v. City of Scranton and James P. Connors, 4:01-cv-00744 (M.D.Pa.).

**STATEMENT OF FACTS AND PROCEDURAL HISTORY:**

Hickey, a former Scranton Police Officer, brought suit against the Defendants alleging retaliation after he was fired by the City of Scranton for not abiding by its residency requirement for city employees. Hickey was one of several officers to file suit simultaneously and our colleague United States District Judge James F. McClure, to whom the cases were initially assigned, consolidated all of these cases at docket 4:CV-01cv0744 for pretrial purposes. (See Order of July 10, 2001).

Following this consolidation, the cases were transferred to our docket. We then granted Defendants' Motion for Summary Judgment as it pertained to Plaintiffs Hill, Hickey, and Graham's First Amendment claims. (See Hickey v. City of Scranton, 4:CV-01cv0744 (M.D.Pa. Sept. 27, 2002)). In addition and relevant to our inquiry here, we denied Hickey's apparent attempt to amend his complaint to add a procedural due process claim, which was first raised within his brief in opposition to the Motion for Summary Judgment.

Construing the reference to the procedural due process claim within Hickey's brief as a motion to amend his complaint, we directed the parties to brief the issue as to whether an amendment was proper at that juncture. Thereafter, we then denied Hickey's motion to amend his complaint. (Id. Order of October 16,

2002). In our October 16, 2002 Order, we determined that Hickey's proposed procedural due process claim had failed to state a cause of action and thus we held that amendment was improper substantively. We also found the proposed amendment to be procedurally defective.

After our denial of Hickey's attempt to amend his complaint, he took two independent steps to preserve the claim. First, he filed an appeal of the separate action with the Third Circuit. Second, he initiated the instant action on October 24, 2002 in order to raise the procedural due process claim before the expiration of the applicable statute of limitations.

In its opinion in the separate action, the Third Circuit reversed our dismissal of the various First Amendment retaliation claims brought by the Plaintiffs. However as it relates to the case sub judice, the Third Circuit affirmed our refusal to allow Hickey to amend his complaint. The most relevant portion of the Third Circuit's analysis of that issue is as follows:

> As noted in Part II, Hickey argued in opposition to the city's motion for summary judgment that the lengthy delay in providing his post-termination Municipal Service hearing violated his right to procedural due process. The District Court treated Hickey's argument as a constructive motion to amend his complaint under Federal Rule of Civil Procedure 15(a), which it ultimately denied. We conclude that the District Court did not abuse its discretion or commit any legal error in reaching this decision.
>
> First, we reject Hickey's frivolous argument that his complaint gave effective notice to the city of his post-termination hearing delay claim.

4

Hickey is correct that notice pleading requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a), but Hickey's complaint falls far short of this low threshold. Nowhere in the complaint does Hickey even allege that he requested a Municipal Service hearing, much less that the city failed to timely provide such a hearing. In fact, Hickey's complaint does not allege any facts at all relating to the period after he was terminated in June 2000.

**Next, we agree with the District Court that it would have been futile to allow Hickey to amend his complaint because his allegations before the District Court did not state a claim on which he could have obtained relief.** While Rule 15(a) provides that leave to amend should be "freely given" a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party. See, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Hickey is correct that the due process clause "requires provision of a [post-termination] hearing at a meaningful time." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547 (1985). Thus, "there is a point at which an unjustified delay in completing a post-deprivation proceeding would become a constitutional violation." FDIC v. Mallen, 486 U.S. 230, 242 (1988) (internal citation omitted). The key point, however, is that the delay must be "unjustified." We have held that the "mere allegation of a ... twenty-month delay" without supplementary allegations concerning the cause of the delay does not state a constitutional claim. Ritter v. Cohen, 797 F.2d 119, 124 (3d Cir.1986). Before the District Court, Hickey simply stated in conclusory fashion that his due process rights had been violated by "the unwarranted delay of two and [a] half (2 ½ ) years." Rather than attempt to explain the cause of the delay, Hickey chose instead to devote the majority of his brief to re-arguing the merits of his First Amendment and equal protection claims. Accordingly, the District Court correctly followed Ritter and held that granting leave to amend would be futile.

Hickey now argues for the first time on appeal that the city caused the delay in the Municipal Service Commission proceeding by failing to comply with his legitimate discovery requests. Had this allegation been made in the

> District Court, the court might not have held that Hickey's attempted amendment was futile. However, the District Court reached the correct result based on the information provided at the time by the parties. Accordingly, we conclude that the District Court did not abuse its discretion by denying leave to amend.

Hill, 2005 WL 1355115 at *11-12 (emphasis added). We now proceed to determine whether the instant action should continue.

**DISCUSSION:**

The question before us is one of claim preclusion; namely, whether the Third Circuit's ruling on Hickey's attempt to amend his complaint to include a procedural due process claim in Hill v. City of Scranton precludes Hickey from bringing the instant action. To determine whether a claim is indeed precluded, a defendant must show that there has been: (1) a final judgment on the merits in a prior lawsuit involving, (2) the same parties or their privies; and, (3) a subsequent suit is based on the same cause of action. See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). In the instant case, these three prongs are all easily satisfied.

First, we find that in Hill, the Third Circuit reached a final judgment on the procedural due process claim raised here by Hickey. In resolving Hickey's appeal of our denial of his attempt to amend his complaint, the Third Circuit engaged in both a procedural and substantive analysis. The Hill court found that procedurally,

amendment was improper. Second, the court found that regardless of whether Hickey should have been allowed to amend his claim, that his procedural due process claim was without merit. Notably, the Third Circuit explained that Hickey's procedural due process claim "was futile." Hill, 2005 WL 1355115 at *11-12. By analyzing Hickey's action against the requirements for a post-termination procedural due process claim, it reached a final decision on the merits.

The second prong of the Lubrizol claim preclusion test asks whether there are the same parties, or their privies, in the instant action as were in the prior action. Here, Hickey clearly was a plaintiff in both actions. Further, in both cases, the City of Scranton and Mayor James P. Connors are named as defendants. Therefore, the second prong is satisfied.

The final prong asks whether the prior action involved the same claim. Again, there can be no dispute that it did. As Hickey states in his brief, his counsel only initiated the instant procedural due process claim so as to "protect Hickey's statute of limitations." (Br. Opp. Mot. Dismiss at 5). Further, this claim was brought in anticipation of what now occurred, in that the Third Circuit has resolved Hickey's appeal in the separate action, and as noted did so on both substantive and procedural grounds.

It is clear to us that as it pertains to Hickey's procedural due process claim,

all three prongs of the <u>Lubrizol</u> claim preclusion test are satisfied by the Third Circuit's discussion and final order in <u>Hill</u>.  As a result, Defendants' Motion will be granted.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The stay established by our order of March 12, 2003 (Rec. Doc. 18) is hereby lifted.

2. Defendants City of Scranton and James P. Connors' Motion to Dismiss the Complaint (Rec. Doc. 12) is GRANTED.

3. Plaintiff Donald Hickey's Complaint (Rec. Doc. 1) is DISMISSED with prejudice.

4. The Clerk is directed to close the file on this case.

<u>S/ John E. Jones III</u>
John E. Jones III
United States District Judge